*233
 
 Overton, J.
 

 delivered the following opinion of the Court.
 
 *
 

 This was an action of assumpsit, brought on a promise of
 
 *234
 
 marriage, plea non-assumpsit and issue: verdict for the defendant, who was plaintiff in the circuit court.
 

 The errors assigned were
 

 1st. That the defendant, at the special instance and request of the plaintiff, promised to marry the plaintiff, whereupon the plaintiff promised to do the same.
 

 2. The court permitted evidence to be given, under the general issue, of seduction and getting the defendant with child.
 

 The first exception is certainly not maintainable ; in the nature of things, one promise must be the consideration of the other, and so it is stated in the declaration. It is the usual form, and must be considered correct.
 

 In support of the second objection, it is insisted, the court ought to have rejected the testimony, assimilating this case to the doctrine of giving evidence under the general issue, upon the usual averment of et
 
 alia enormia.
 
 As in that case, no evidence of a nature, which would afford a ground of action could be received, so in this, if under the influence of a promise of marriage, the defendant was seduced and got with child, she could maintain an action on that ground, and therefore the evidence ought to have been rejected.
 

 The cases referred to in 3 Mass. Rep. 71. 189, Paul vs. Frazier, and Boynton vs. Kelly, demonstrate, that it was proper to receive this evidence in aggravation of damages. For seduction alone, without a promise of marriage, no woman can maintain an action. Nor has any precedent been found where an action was held to lie for seduction, though there was a promise of marriage. In this action the evidence ought surely to have been received
 
 ;
 
 morality requires it, in order to repress the libidinous advances of the male sex, under dishonest and seductive assurances of marriage. Considering the character of the two sexes distinctly marked out by nature, little doubt ; can remain. The modest and retiring character of the female sex in general, excludes the idea of seduction. Unsolicited, they are unobtrusive, and their chastity, so essential to the happiness of society, secure. For a man to court a young woman of good character, secure her attachment and her confidence, thus to break down the fences and remove the guards of virtue, a successful incursion follows almost of course, if he be without principles of honor. According to the usual feelings of humanity, such base and covert advances in
 
 the
 
 
 *235
 
 path of seduction, too freequently meet with but feeble opposition, Consequences, so naturally flowing from dishonest practices, from whence injury arises, ought in the nature of things to be taken, into account, when estimating a compensation for such injury
 
 ;
 
 and the aggressor not permitted to shelter himself under the delusive objection, that a separate action ought to be brought by a once innocent female, thus cruelly and perfidiously debauched by himself.
 

 Delusive, it must be, in general, as the idea of bottoming an action upon seduction, the plaintiff being a free agent, carries with it, the appearance of indecorum (though unjustly) from which an unprejudiced verdict could scarcely be expected.
 

 Let the judgment be affirmed.
 

 *
 

 Absent White J.